**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

GLORICE MCPHERSON,       :
       :
       Plaintiff,       :
       :
v.       :       Case No. 4:25-cv-78-CDL-AGH
       :
T-MOBILE, *et al.*,       :
       :
       Defendants.       :
       :

## <u>RECOMMENDATION OF DISMISSAL</u>

Before the Court is Plaintiff's recast complaint (ECF No. 9).   For the reasons stated below, it is recommended that Plaintiff's recast complaint be dismissed.

## BACKGROUND

The Court received Plaintiff's original complaint on March 4, 2025 (ECF No. 1). The same day, the Court received her motion to proceed *in forma pauperis* ("IFP") (ECF No. 2).   On March 5, 2025, the Court granted (ECF No. 3) Plaintiff's motion to proceed IFP (ECF No. 2).   However, because Plaintiff was granted IFP status, the Court conducted a preliminary screening as required by 28 U.S.C. § 1915(e)(2). Order 1, Apr. 14, 2025, ECF No. 6.   The Court concluded that Plaintiff's complaint failed to meet the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that a complaint include "a short and plain statement" of her claim and provide "sufficient factual matter" to state a facially plausible claim.   *Id.* at 3.   In fact, the Court observed that Plaintiff's original complaint was "largely incomprehensible, consisting of pages of conclusory statements, incomplete sentences, random legal

citations, and irrelevant philosophical musings." *Id.* at 3.   It noted that while Plaintiff apparently had concerns about Defendant T-Mobile's billing practices, her grounds for relief were "wholly unclear."   *Id.*   Citing the civil cover sheet attached to her complaint, the Court speculated that Plaintiff might be attempting to bring a civil rights complaint but that in order to do so she "must allege *facts*" sufficient to satisfy the elements of such claim.   *Id.* at 3-4 (emphasis in original).

Therefore, the Court ordered Plaintiff to file a recast complaint.   *Id.* at 4.   The Court specifically explained to Plaintiff that it would "consider <u>only</u> the factual allegations and claims contained" in her recast complaint and would not consider facts alleged in the original complaint "or other documents submitted to the Court." *Id.*   Finally, the Court warned Plaintiff that "failure to fully and timely comply" with the order could result in the dismissal of her action.   Order 5, Apr. 14, 2025.   On May 11, 2025, the Court received Plaintiff's recast complaint (ECF No. 9). Accordingly, the Court will conduct a preliminary screening of the recast complaint.

## I.     Preliminary Review Requirement

Once a court grants a plaintiff's motion for leave to proceed IFP, the Court must conduct a preliminary screening under 28 U.S.C. § 1915(e)(2).   That statute requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2).   An action is frivolous when the complaint "lacks an arguable basis either in law or in fact."   *Neitzke v. Williams,* 490

U.S. 319, 325 (1989).    Additionally, "[a] case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).    In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.    *Twombly*, 550 U.S. at 556.    "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."    *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed."    *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quotation marks omitted).    Nevertheless, while "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education[,]" the Court is not permitted "to serve as *de facto* counsel for a party" by "rewrit[ing] an otherwise deficient pleading in order to sustain an action[.]"    *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

## II.    Plaintiff's Recast Complaint

Unlike Plaintiff's original complaint, Plaintiff's recast complaint is at least

short.   Nevertheless, it still suffers from the fatal flaw of providing no *factual* allegations sufficient to state a claim.   Having read the recast complaint, the Court still does not know exactly what it is that T-Mobile allegedly did or did not do that Plaintiff feels violated the law.   The Court notes that Plaintiff's original complaint was docketed as a civil rights claim under 42 U.S.C. § 1981.   But her recast complaint does not allege that she was discriminated against based on race as required to state a claim under that statute.   *See Jimenez v. Wellstar Health Sys., Inc.*, 596 F.3d 1304, 1308 (11th Cir. 2010).

Plaintiff's recast complaint cites the peonage statute, 18 U.S.C. § 1581. Recast Compl. 2, ECF No. 9.   However, Plaintiff does not allege that she was forced to work *for Defendants* to pay off any debt.   *See United States v. Farrell*, 563 F.3d 364, 372 (8th Cir. 2009) (stating that "peonage is compulsory service in payment of debt" that is "the equivalent of involuntary servitude . . . which the Supreme Court has defined as 'a condition of servitude in which the victim is forced to work for the defendant'" (internal citation and quotation marks omitted) (quoting *United States v. Kozminski*, 487 U.S. 931, 952 (1988)).   Simply owing money to someone does not equate to being held in peonage.

Plaintiff also cites a host of federal consumer protection statutes, but she provides no factual allegations to allow the Court to conclude that her claims under any of them are plausible.   From what little can be gleaned, it appears that Plaintiff *possibly* had some sort of account, contract, or agreement with T-Mobile, and she apparently believes it engaged in various unsavory practices, including using

4

deceptive billing, failing to provide adequate disclosures prior to extending her credit, and violating consumer protection laws in vaguely asserted ways. Recast Compl. 2-3. But she does not state what sort of account, contract, or agreement she had with T-Mobile; what was deceptive about its billing practices; or what it told Plaintiff or failed to tell Plaintiff that she feels was false or should have been disclosed. She alleges she was "treated unfairly based on income," Recast Compl. 2, but she does not explain how she was treated unfairly or why she believes it was related to her income such that it violated federal law.

"Merely listing federal statutes, with no attempt to allege supporting factual details, fails to state a claim or a basis for federal jurisdiction." *Williams v. Tommy & Shirley Strickland Cancer Ctr. Inc.*, No. CV 622-049, 2022 WL 3221832, at *1 (S.D. Ga. Aug. 9, 2022). Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citation and quotation marks omitted).

In summary, Plaintiff has for the second time failed to state a claim that is plausible on its face. Accordingly, the Court recommends that her recast complaint be dismissed.[1]

---

[1] Plaintiff also filed a motion for injunctive relief (ECF No. 11) and motion for declaratory judgment (ECF No. 12), which are just as devoid of factual support as her recast complaint. Therefore, the Court recommends that those motions be denied as moot.

## CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's recast complaint (ECF No. 9) be dismissed without prejudice. Plaintiff's motions for injunctive relief (ECF No. 11) and declaratory judgment (ECF No. 12) should be denied as moot. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. See M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

Plaintiff is hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 12th day of February, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE